Name _Joseph Cottrell_

Inmate Number _8300212_

Place of Confinement _Silver Blvd_

__Filed __Received __Entered __Served On
Counsel/Parties of Record

APR 2 6 2023

Clerk US District Court
District of Nevada

By:_____ Deputy

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

_Joseph Cottrell_____, Petitioner, )
(Full Name)                            )
                                       )
vs.                                    )
                                       )
_Pyramid Lake Tribal Court_, Respondent, )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )
                                       )
              and                      )
                                       )
The Attorney General of the State of Nevada. )
                                       )

CASE NO. ____
(To   **3:23-cv-00174**

PETITION FOR A
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C.  § 2254
BY A PERSON IN STATE CUSTODY
(NOT SENTENCED TO DEATH)

-----------------------------------------

1. Name and location of court, and name of judge that entered the judgment of conviction you are challenging: _Nixon, NV., Pyramid Lake Tribal Court_ _Aaron Mouritsen_

2. Full date judgment of conviction was entered: _01_ /_07_/_22_ (month/day/year).

3. Did you appeal the conviction? _X_ Yes **X** No.  Date appeal decided: ___/___/___

4. Did you file a petition for post-conviction relief or petition for habeas corpus in the state court? ___Yes _X_ No.  If yes, name the court and date the petition was filed: _____ _____ ___/___/___.  Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? ___Yes _√_No.  Date the appeal was decided: ___/___/___.  Have all of the grounds stated in this petition been presented to the state supreme court? ___Yes _X_ No.  If no, which grounds have not? _ineffective counsel, Right to Speedy trial_

5. Is this the first federal petition for writ of habeas corpus challenging this conviction? _X_ Yes ___No.  If no, what was the prior case number? _____.  In what court was the prior action filed? _____.  Was the prior action

## Notes for Habeas Corpus

First, please forgive me this is my first time filing... Habeas Corpus motion!

I'm filing because I belive my Amendment and Civil Rights have been broken by the Pyramid Lake Paiute Tribe.

I've included copies of there own by-laws to avoid confusion.

Also a copy of a warrent that says it was served on the 7th but filed on the 8th,, I never recieved a court date for sentencing and later found out they sent the court's sentencing paperwork to the jail, not my home address. So there wasn't a way of me knowing, suddenly arrested, and told I got one year, no good time, no work time for a simple battery, and assault

The reason Im filing in Federal Court is, the State has no jurisdiction on tribal lands, This is the only other option I can see for remedy.

My sixth, Amendment rights were violated, and I believe this it makes this a Federal matter.

The right to, effective counsel and, Speedy Trial,

Thank you, Joseph Cantrell

P.S, They only give us pencils, sorry,

Also the next page of our by-laws, Article U- Tribal Court (Judical Code) Section 1. part B. (They broke my sixth Amendment rights)

P.P.S, Recently found out my lawyer was also the one helping get me evicted (See pg 21)

Page Number 0.2

_____denied on the merits or _____dismissed for procedural reasons (check one)?  Date of decision:  ____/____/____.  Are any of the issues in this petition raised in the prior petition? ___Yes _X_No.  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?  ___Yes_X_No.

6.    Do you have any petition, application, motion, or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action?  ___Yes _X_No. If yes, state the name of the court and the nature of the proceedings: _____

_____

7.    Case number of the judgment of conviction being challenged: PL. CR-MD -2020-0611

8.    Length and terms of sentence(s): 1 year, no good time

9.    Start date and projected release date: 10/7/2023 - 1/7/2024

10.   What was (were) the offense(s) for which you were convicted?: Battery, Asault Disorderly Conduct, Destruction of property

11.   What was your plea? _____Guilty  _X_ Not Guilty  _____Nolo Contendere.  If you pleaded guilty or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement: _____

_____

12.   Who was the attorney that represented you in the proceedings in state court?  Identify whether the attorney was appointed, retained, or whether you represented yourself pro se (without counsel).

| | Name of Attorney | Appointed | Retained | Pro Se |
|---|---|---|---|---|
| Arraignment and Plea | No one showed/me | | | X |
| Trial/Guilty Plea | Charlene Dressler | X | | |
| Sentencing | Charlene Dressler | X | | |
| Direct Appeal | | | | |
| 1st Post-Conviction Petition | | | | |
| Appeal from Post-Conviction | | | | |
| 2nd Post-Conviction Petition | | | | |
| Appeal from 2nd Post-Conviction | | | | |

## Ground 1

I allege that my tribal court conviction and/or sentence are unconstitutional, in violation of my Sixth Amendment right to a speedy trial, Rule 707, 120 Day rule. CO 18, USC § 3161, I believe it was 90 days, when this happened, 03/24/00 was my arrest and 07/30/00 was when my Attorney Sharleen Dressler, filled in for the Prosecuter, but was also my Attorney, 128 Days had passed, and with continuences a constant, we finally had trial, 2 years 10 months later, I had three lawyers flopped back and forth, and ended up with the one that said "I cant represent you, I'll be representing the tribe, when you file a civil suit". She also recently filed for my eviction of me from my home, Making her, seem un-trust worthy.

Did you raise this issue in a petition for post-conviction relief or state petition for habeas corpus?
___Yes _X_No.  If no, explain why not: _State has no Jurisdiction_
_in tribal matters._

If yes, name of court: _____.  Date petition filed: ___/___/___.  Did you
receive an evidentiary hearing? ___Yes ___ No.  Did you appeal to the Nevada Supreme Court?
___Yes _X_No.  If no, explain why not: _No lawyer never brought_
_it up, again tribal matter._

If yes, did you raise this issue? ___Yes _X_No.  If no, explain why not: _There was_
_no evidentry hearing._

<       Second Post-Conviction:

Did you raise this issue in a second petition for post-conviction relief or state petition for habeas
corpus? ___Yes _X_No.  If no, explain why not: _Lawyer never filed_
_appeal, and tribal dont have state._

If yes, name of court: _____.  Date petition filed: ___/___/___.  Did you
receive an evidentiary hearing? ___Yes _X_ No.  Did you appeal to the Nevada Supreme Court?
___Yes ___ No.  If no, explain why not: _Tribal matter_

If yes, did you raise this issue? ___Yes _X_No.  If no, explain why not: _Tribal matter_

<       Other Proceedings:

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence
overturned based on this issue (such as administrative remedies)? ___Yes _X_No.  If yes,
explain: _____

_____


State concisely every ground for which you claim that the state court conviction and/or
sentence is unconstitutional.  Summarize briefly the facts supporting each ground.  You may attach
up to two extra pages stating additional grounds and/or supporting facts.  You must raise in this
petition all grounds for relief that relate to this conviction.  Any grounds not raised in this
petition will likely be barred from being litigated in a subsequent action.

### GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my
_Sixth_ Amendment right to _Effective assistance_, based on these facts:
_I asked my lawyer to file a appeal_
_(3.4, 302 #7) of Tribal By-laws (see attached)_

also, (3.4.337 #1, and #2) Right of Appeal (see attached). The evidence (3.4.324) should not have been admitted, due to obvious editing, (3.4.710A #1, and 2) Tampering with evidence. The court clerk Mercule Montaya also, perjured herself, along with officer Smith, (3.4.704, A, B) under oath, and on camera he stated, "That the defendant looked that way before he arrived on scene," meaning the injuries I had were there prior, despite us all just watching on body cams the opposite of that. I also believe that the court proceedings were previously rehearsed by watching them on camera I believe a person of reasonable intelligence would be able to tell also. Tribal by law, (3.4, 702 A, #4). Improper Influence in official Matters. Witnesses also weren't subpoenaed.

Exhaustion of state court remedies regarding Ground 2: Appeals not filed

<    Direct Appeal: Time limitations passed.

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court? ___Yes

X No. If no, explain why not: Lawyer never filed appeal, and state has no jurisdiction on tribal lands.

<    First Post-Conviction:

Did you raise this issue in a petition for post-conviction relief or state petition for habeas corpus?

___Yes X No. If no, explain why not: Not state related

If yes, name of court: _____. Date petition filed: ___/___/___. Did you receive an evidentiary hearing? ___Yes ___No. Did you appeal to the Nevada Supreme Court? ___Yes X No. If no, explain why not: Not state related

If yes, did you raise this issue? ___Yes ___No. If no, explain why not: _____

<    Second Post-Conviction:

## Ground #2 cont.

Tribal by law (3.4.302)#5, my two witnesses Gay Cihlar and Chris Cantrell never were told to show up nor given the opportunity to even write a statement. The attorney in my case Sharleen Dressler, also subs as the prosecuter at the court house I went to. She also told me before preliminary that she "could not represent me properly, because there would likely be a civil case because of the nature of the arrest." (Police Brutality) where my chest cavity was fractured, front tooth broken, nose and eye socket fractured, and thumb tendon torn. This was all recorded on atleast eight camera's, and ignored by there chief, and the B.I.A.

Did you raise this issue in a second petition for post-conviction relief or state petition for habeas corpus? ___Yes _X_No. If no, explain why not: Tribal court goes directly to Federal after sentence.

If yes, name of court: _____. Date petition filed: ___/___/___. Did you receive an evidentiary hearing? ___Yes ___ No.  Did you appeal to the Nevada Supreme Court? ___Yes _V_No. If no, explain why not: Tribal has to appeal to Federal, State has no jurisdiction.

If yes, did you raise this issue? ___Yes_X_ No.  If no, explain why not: stated above

<     Other Proceedings:

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on this issue (such as administrative remedies)? ___Yes _X_No.  If yes, explain: _____

_____

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional.  Summarize briefly the facts supporting each ground.  You may attach up to two extra pages stating additional grounds and/or supporting facts.  You must raise in this petition all grounds for relief that relate to this conviction.  Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

**GROUND 3**

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my Sixth , Amendment right to effective counsel, based on these facts: My aggressor on the stand said "I could just wring that white boys neck sometimes" showing him to be aggressive, no one even seemed to notice including the prosecutor and judge, I find it odd that my attorney acted as a prosecuter in my case, as well, at one point, also served me with eviction papers. Suddenly one year in jail, no good time won't answer calls, same as court house, and its nearly impossible to fight a eviction this way, it seems purposly done.

I'm still owed 16 Days previous time, and 10 Days, for programs, still not understanding no good time for the first time I've ever heard of.

Exhaustion of state court remedies regarding Ground 3:

<   Direct Appeal:

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court? ___ Yes
X No. If no, explain why not: Tribal court, not state, no Jurisdiction.

<   First Post-Conviction:

Did you raise this issue in a petition for post-conviction relief or state petition for habeas corpus?
___ Yes X No. If no, explain why not: Tribal, state has no jurisdiction.

If yes, name of court: _____. Date petition filed: ___/___/___. Did you receive an evidentiary hearing? ___ Yes X No. Did you appeal to the Nevada Supreme Court?
___ Yes X No. If no, explain why not: Tribal, State has no jurisdiction on tribal matters.

If yes, did you raise this issue? ___ Yes X No. If no, explain why not: _____

<   Second Post-Conviction:

Did you raise this issue in a second petition for post-conviction relief or state petition for habeas corpus? ___ Yes X No. If no, explain why not: None filed Tribal court and no jurisdiction.

If yes, name of court: _____. Date petition filed: ___/___/___. Did you receive an evidentiary hearing? ___ Yes ___ No. Did you appeal to the Nevada Supreme Court?
___ Yes X No. If no, explain why not: No jurisdiction

If yes, did you raise this issue? ___ Yes X No. If no, explain why not: No Jurisdiction

<   Other Proceedings:

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on this issue (such as administrative remedies)? ___Yes __X__No.  If yes, explain: _____

_____.

        Date you are mailing (or handing to correctional officer) this petition to this court: __04/10/23__.  Attach to this petition a copy of all state court written decisions regarding this conviction.

        WHEREFORE, petitioner prays that the court will grant him such relief to which he is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_Joseph Cantrell_____                    _Joe Cantrell_____
(Name of person who wrote this complaint if not Petitioner)                    (Signature of Petitioner)

                                                                        _04/10/2023_____
                                                                        (Date)

_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


                    DECLARATION UNDER PENALTY OF PERJURY

        I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury.  I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.  See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at _911 Parr Blvd._____    on   _04/10/2023_____.
                    (Location)                                    (Date)

_Joe Cantrell_____                    _2300242_____
        (Signature)                                    (Inmate number)


                            Page 8

# PART 3    CRIMINAL PROCEDURES

**3.4.300**    **PRELIMINARY PROVISIONS**

**3.4.301**    **Prosecution of Offenses**

A.    No person shall be punished for an offense except upon a legal conviction, including a plea or admission of guilt or *nolo contendere* in open court, by a court of competent jurisdiction, provided, however, that no incarceration or other disposition of one accused of an offense prior to trial in accordance with this Chapter shall be deemed punishment.

B.    All criminal proceedings shall be prosecuted in the name of the Pyramid Lake Paiute Tribe as Plaintiff, against the person charged with an offense, referred to as the Defendant.

**3.4.302**    **Rights of the Defendant**

In all criminal proceedings, the Defendant shall have the following rights:

1.    To appear and defend in person or by counsel except:

   a.    Trial of traffic or hunting and fishing offenses not resulting in injury to any person, nor committed while using alcohol or non-prescription drugs may be prosecuted without the presence of the Defendant upon a showing that the Defendant received actual notice five days prior to the proceeding, if no imprisonment is ordered;

   b.    The Defendant may represent himself or be represented by any attorney or advocate admitted to practice before the Court, but no defendant shall have the right to appointed professional counsel provided at the Tribe's expense; however, the privilege to have counsel appointed may be granted by the Court or any Tribal law as may be provided in the Rules of the Court relating to attorneys and lay advocates.

2.    To be informed of the nature of the charges against him and to have a written copy thereof;

3.    To testify in his own behalf, or to refuse to testify regarding the charge against him, provided, however, that once a defendant takes the stand to testify on any matter relevant to the immediate proceeding against him, he shall be deemed to have waived all right to refuse to testify in that immediate criminal proceeding.  He shall not be deemed to have waived his right to remain silent in other distinct phases of the criminal trial process; or to confront and cross-examine all witnesses against him, subject to the Federal Rules of Evidence;

4.    To confront and cross-examine all witnesses against him, subject to the Federal Rules of Evidence;

5.    To compel by subpoena the attendance of witnesses in his own behalf;

6.    To have a speedy public trial by an impartial judge or jury as provided in this Chapter;

7.    To appeal in all cases;



8.      To prevent his present or former spouse from testifying against him concerning any matter which occurred during such marriage, except:

    a.      In any case in which the offense charged is alleged to have been committed against the spouse or the immediate family or the children of either spouse or the defendant, or against the marital relationship;

    b.      Any testimony by the spouse in the defendant's behalf will be deemed a waiver of this privilege;

9.      Not to be twice put in jeopardy by the Tribe for the same offense.

### 3.4.303      Limitation of Prosecution

A.      Every criminal proceeding shall be commenced within three (3) years of the date of commission and diligent discovery of the offense, or prosecution for that offense shall be forever barred.

B.      If an offense is committed by actions occurring on two (2) or more separate days, the offense will be deemed to have been committed on the day the final act causing the offense to be complete occurred.

C.      The date of "diligent discovery" is the date at which, in the exercise of reasonable diligence, some person other than the defendant and his co-conspirator(s) know or should have known that an offense had been committed.

D.      Time spent outside the jurisdiction of the Tribe for the purpose of avoiding prosecution shall not be counted toward the limitation period to begin prosecution.

### 3.4.304      No Common Law Offenses

No act or failure to act shall be subject to criminal prosecution unless made an offense by some statute of the Tribe.

### 3.4.305      PROCEEDINGS BEFORE TRIAL

### 3.4.306      The Complaint

A.      COMPLAINT. Every criminal proceeding shall be commenced by the filing of a criminal complaint. The Complaint is a sworn written statement of the essential facts charging that a named individual(s) has committed a particular offense under this Code.

B.      CONTENTS OF THE COMPLAINT. The Complaint shall contain the following information:

    1.      Name and address of the Court;

    2.      Name of the Defendant(s) and his identity as an Indian;

    3.      Signature of the Prosecutor and his typewritten name;



### 3.4.333        New Trial

A.        The Court on motion of a Defendant may grant a new trial to him, if required in the interests of justice.  If trial was by the Court without a jury, the Court may vacate the judgment if requested by the Defendant by motion for a new trial and take additional testimony, and direct the entry of a new judgment. A motion for a new trial based on the ground of newly-discovered evidence may be made only within one (1) month after final judgment, but if an appeal is pending, the Court may grant the motion only on remand of the case.  A motion for a new trial based on any other grounds shall be made within seven (7) days after the verdict or finding of "guilty" or within such further time as the Court may establish during the seven (7) day period.

B.        The Court, on motion of a Defendant shall dismiss the action if the complaint does not charge an offense or if the Court was without jurisdiction over the offense charged. The motion for arrest of judgment shall be made within seven (7) days after the verdict or finding of "guilty" or a plea of "guilty," or within such further time as the Court may establish during the seven (7) day period.

### 3.4.334        Correction or Reduction of Sentence

The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within thirty (30) days after the sentence is imposed. The Court may also reduce a sentence upon revocation of probation.

### 3.4.335        Clerical Mistakes

Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the Court at any time and after such notice, if any, as the court orders.

### 3.4.336        APPEAL

### 3.4.337        Right of Appeal; How Taken

A.        The Defendant has the right to appeal from the following:

(1)        A final judgment of conviction and the sentence imposed thereon;

(2)        An order made, after judgment and sentences, affecting his substantial rights.

B.        The Tribe has the right to appeal from the following:

1.        A judgment of dismissal, upon a motion to dismiss based on any procedural irregularity occurring before trial, or an order excluding evidence in favor of the Defendant prior to trial;

2.        An order arresting judgment or acquitting the Defendant contrary to the verdict of the jury or before such verdict can be rendered;

3.        An order of the Court directing the jury to find for the Defendant;

4.        An order of the Court made after judgment and sentence affecting the substantial rights of the Tribe.

C.      A notice of appeal must be filed within thirty (30) days of the entry of the final judgment and sentence or other appealable final order and it must be served on all parties except the party filing the appeal.

D.      Such appeals shall be made in accordance with the Appellate procedure.

### 3.4.338      Stay of Judgment and Relief Pending Review

A.      A sentence of imprisonment may be stayed if an appeal is taken and the Defendant may be given the opportunity to make bail. Any Defendant not making bail or otherwise obtaining release pending appeal shall have all time spent in incarceration counted towards his sentence in the matter under appeal.

B.      A sentence to pay a fine or a fine and costs may be stayed pending appeal upon motion of the Defendant, but the Court may require the Defendant to pay such money subject to return if the appeal should favor the Defendant and negate the requirement of paying such.

### 3.4.339      OTHER PROVISIONS

### 3.4.340      Search and Seizure

A.      SEARCH WARRANTS. A search warrant is an order directed to any Tribal or Federal law enforcement officer directing him to search a particular place for described persons or property and, if found, to seize the persons and/or property.

B.      A warrant shall be issued only on an affidavit or affidavits sworn to before a Judge which establishes grounds for issuing the warrant. If the Judge is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based on hearsay evidence either in whole or in part. Before ruling on a request for a warrant, the Judge may require the affiant to appear personally and be examined by the Judge under oath.

C.      CONTENTS OF SEARCH WARRANT. Every search warrant shall contain the name and address of the Court and the signature of the Judge issuing the warrant. It shall specifically describe the place to be searched and the items to be searched for and seized. The warrant shall be directed to any Tribal or Federal law enforcement officer and shall command such person or persons to search, within a specified period of time not to exceed ten (10) days, the person or place named with specificity and contain the date on which it was issued.

D.      SERVICE OF SEARCH WARRANTS. Search warrants shall be served by any Tribal or Federal law enforcement officer at any time. A copy of the warrant shall be left with the owner of the place searched if present during said search. If the place to be searched is not occupied at the time of the search, a copy of the warrant shall be left in a conspicuous place on the premises. The officer may break open any outer or inner door or window of a place to be searched, or any part of any place to be searched, or anything thereon to execute a search warrant, if, after proper notice of his authority and purpose, he is denied or refused admittance or if necessary to free himself or a person aiding in the execution of the warrant or if the premises are unoccupied at the time of the search.

# PART 7   CRIMES AGAINST PUBLIC JUSTICE

**3.4.700**        **Bribery**

A.      It is unlawful to knowingly and intentionally ask for, offer, confer, agree to confer upon another, solicit, accept, or agree to accept from another any benefit, including pecuniary, as a consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant or voter.

B.      It is not a defense that a person whom the offender sought to bribe was not qualified to act in the desired way.

C.      Bribery is a Class B offense.

**3.4.702**        **Improper Influence in Official Matters**

A.      It is unlawful to:

1.    Threaten unlawful harm to any person with the intent to influence another's decision, opinion, recommendation, vote or other exercise of discretion as a public servant, party official, or voter;

2.    Threaten harm to any public servant or relative of a public servant with the intent to influence his decision, opinion, recommendation, vote or other exercise of discretion in a judicial, legislative, or administrative proceeding;

3.    Threaten harm to any public servant or official or relative of either with the intent to influence him to violate his duty; or

4.    Privately address any public servant who has or will have official discretion in a judicial or administrative proceeding and make thereby any representation, entreaty, argument, or other communication designed to influence the outcome on the basis of considerations other than those authorized by law.

B.      It is not a defense to prosecution under this Section that the person sought to be influenced was not qualified to act in the desired way.

C.      Improper Influence in Official Matters is a Class B offense.

**3.4.704**        **Perjury**

A.      It is unlawful knowingly and intentionally to make a false statement under oath or affirmation, or to swear or affirm the truth of a statement previously made when the statement is false and material in any court proceeding.

B.      Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding.

C.      It is not a defense to prosecution under this Section that the declarant mistakenly believed the falsification to be immaterial. Whether or not a falsification is material, is a question of law to be decided by the Court.

D.     It is not a defense to prosecution under this Section that the oath or affirmation was administered or taken in an irregular manner or that the declarant was not competent to make the statement.

E.     Perjury is a Class A offense.

**3.4.706     False Swearing**

A.     It is unlawful to knowingly and intentionally make a false statement under oath or equivalent affirmation, or to swear or affirm the truth of a false statement previously made when the person does not believe the statement to be true, and:

1.     The falsification occurs in an official proceeding;

2.     The falsification is purposely made to mislead a public servant in performing his official function; or

3.     The statement is one which is required by law to be sworn or affirmed before a notary or other person authorized to administer oaths.

B.     False Swearing is a Class A offense.

**3.4.708     Tampering with Witnesses**

A.     It is unlawful for a person believing that an official proceeding or investigation is pending or about to be instituted, to attempt to:

1.     Induce or otherwise cause a witness or informant to testify or falsely inform;

2.     Withhold any testimony, information, document or other material evidence;

3.     Evade legal process summoning the witness to testify or supply evidence; or

4.     Absent himself from any proceeding or investigation to which he has been legally summoned.

B.     Tampering with Witnesses is a Class A offense.

**3.4.710     Tampering with Evidence**

A.     It is unlawful, while believing that an official or investigation is pending or about to be instituted, to:

1.     Alter, destroy, conceal or remove any record, document, or physical object with the intent to impair its availability or reliability in such proceeding or investigation;

2.     Make, present, or use any record, document or physical object knowing it to be false and with a purpose to mislead a public servant who is or may be engaged in such a proceeding or investigation.

and decide the motion at any time either before or after the jury returns its verdict or is discharged.

### 3.4.327     Instructions

At the close of evidence or at such earlier time during the trial as the Court reasonably directs, any party may file written requests that the Court instruct the jury on the law as set forth in the request. At the same time, copies of such requests shall be provided to adverse parties. The Court shall inform counsel of its proposed action upon the requests prior to the arguments of counsel to the jury, but the Court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection. Opportunity shall be given out of the hearing and out of the presence of the jury.

### 3.4.328     Verdict

The verdict of a jury in a criminal case shall bring a verdict of guilty or not guilty as to each offense charged. The Judge shall render judgment in accordance with the verdict and existing law. If the jury is unable to reach a unanimous verdict, the verdict may be rendered by a two-thirds (2/3) majority vote.

If there are multiple defendants or charges the jury may, at any time, return its verdict as to any defendants or charges to which it has agreed and continue to deliberate on the others.

If the evidence is found to support such verdict, the Defendant may be found guilty of a lesser included offense or attempt to commit the crime charged or a lesser offense without having been formally charged with the lesser included offense or attempt.

Upon the motion of either party, after the return of the verdict, the jury may be polled. If upon the poll of the jury, there is not a majority concurrence, the jury shall be directed to retire for further deliberations or may be discharged.

After the return of the verdict, the Judge at his discretion may request the jury to recommend the punishment to be imposed after a hearing at which both parties have the opportunity to present evidence in mitigation or aggravation of the sentence. The jury's recommendation in such cases shall not be binding on the Judge.

### 3.4.329     JUDGMENT AND SENTENCE

### 3.4.330     Judgment

A judgment of conviction shall set forth in writing the charge, plea, verdict or findings and the sentence imposed. If the Defendant is found not guilty or is otherwise entitled to be released, judgment shall be entered accordingly. The judgment shall be signed by the Judge and entered by the Clerk of the Court.

### 3.4.331     Sentence

Sentence shall be set forth as follows:

A.      Sentence shall be imposed without unreasonable delay in accordance with the provisions of the criminal statute or ordinance violated, and this Code. Pending sentence, the Court may commit the Defendant to jail or continue or alter the bail. Before imposing sentence, the Court shall allow counsel an opportunity to speak on behalf of the Defendant and shall address the Defendant personally and ask him if he wishes to make a statement on his own behalf and to present any information in mitigation of punishment. Before imposing sentence, the Court shall also allow any victims of the crime with which Defendant has been convicted to make a statement to the Court of the impact the crime has had on their lives.

B.      After imposing sentence, the Court shall inform the Defendant of his right to appeal and Defendant's need to file a notice of appeal with the Court. At any time after a notice of appeal is filed, the Court may entertain a motion to set bail pending appeal.

C.      Time served in jail prior to the judgment and sentence while waiting or during trial may be allowed toward any sentence of incarceration imposed.

## 3.4.332      General Sentencing Provisions

STATEMENT OF POLICY. The sentencing policy of the Tribe in criminal cases is to strive toward restitution and reconciliation of the offender, the victim and the Tribe. While one goal of sentencing is to impress upon the wrongdoer the wrong he has committed, the paramount goal is to restore the victim and Tribe to the position that existed prior to the commitment of the offense, and to restore the offender to harmony with them and the community by requiring him to right his wrongdoing. The provisions of this Section shall govern sentencing for criminal offenses, with consideration of the above goals in mind.

A.      Unless the Court determines that the ends of justice will not be served thereby, or that a civil action will more adequately adjudicate damages in the specific case at hand, then in addition to any sentence otherwise provided by law, the Court shall to order the offender to pay restitution to:

1.      The victim in money, property, or services; and/or

2.      The Tribe in money, property or services.

B.      In effectuating Tribal sentencing policy, if the offender recognizes the wrong he has committed and earnestly repents of such wrong, the Court, paying particular attention to prior offenses, in its discretion may:

1.      Allow such offender to exchange actual work performed for the Tribe in lieu of a fine or incarceration at the rate calculated on minimum wage to pay off the fine;

2.      Place the offender on probation under such reasonable conditions as the Court may direct for a period of time not exceeding three (3) times the amount of the maximum sentence allowed; or

3.      Defer entering the judgment and imposing sentence for a period not exceeding four (4) times the maximum sentence allowed on condition that if the offender violates no law and satisfies such other reasonable conditions such as restitution as may be imposed, the plea or verdict of "guilty" will be withdrawn and the charges will be dismissed.



E.     Class E Offenses: Fine up to One Thousand Dollars ($1,000.00) without incarceration.

F.     The fines above may be imposed in addition to any assessment of costs or other civil penalties and in addition to any amounts ordered to be paid as restitution.

G.     Any person adjudged guilty of an offense under the Criminal Code shall be sentenced in accordance with this Section, unless otherwise specified by a particular Code provision.

**3.4.116    General Time Limitations**

A.     Unless otherwise specified in a particular section:

1.     Prosecution for Class A offenses must be commenced within three (3) years after the alleged offense is committed;

2.     Prosecution for Class B offenses must be commenced within two (2) years after the alleged offense is committed;

3.     Prosecution for Class C and Class D offenses must be commenced within one (1) year after the alleged offense is committed;

4.     If the victim is a minor or mentally impaired at the time that the offense occurred, prosecution may be commenced within one (1) year after the legal disability terminates.

B.     The time limitations are tolled under the following conditions:

1.     During any period on which the offender is not usually and publicly residing within the exterior Reservation boundaries or is beyond the jurisdiction of the Court;

2.     During any period in which the offender is a public officer and the offense charged is theft of public funds while in public office; or

3.     During a prosecution pending against one offender for the same conduct, occurrence or event, even if the prosecution is dismissed.

C.     An offense is committed either when those elements of the offense occur or when the offense is based upon a continuing course of conduct, at the time the course of conduct is terminated.  Time begins to run on the day after the offense is committed.

D.     A prosecution is commenced when either a charge or a complaint is filed with the Tribal Court.

**3.4.118    Other Remedies**

This Code does not bar, suspend, or otherwise affect any liability for or right to damages, penalty, forfeiture, or other remedy authorized by law to be recovered. Civil liability is not merged into the criminal offense.



**3.4.120        Gender, Number and Tense**

Except as otherwise expressly provided in a particular statute or required by the context:

A.    The masculine gender includes the feminine and neuter genders.

B.    The singular number includes the plural number, and the plural includes the singular.

**3.4.122        Severability**

If any clause, sentence, paragraph, section, or part of this Chapter shall, for any reason be adjudicated by any court of competent jurisdiction, to be invalid or unconstitutional, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, section, or part thereof directly involved in the controversy in which the judgment shall have been rendered.

**3.4.124        Proof of Jurisdiction**

Whenever status as a non-Indian is not immediately clear or resolved, any person, otherwise subject to arrest, detention, investigation or other action under the laws of the Tribe may be dealt with by law enforcement authorities as if jurisdiction existed. The burden of raising the issue of non-jurisdiction (status as a non-Indian) shall be upon the person claiming the exemption from jurisdiction, but the burden of proof of jurisdiction (status as an Indian) remains with the prosecution.



# RELEASE AUTHORIZATION
## Washoe County Jail

| | |
|---|---|
| Booking No | Jail ID# |
| 20-7077 | P-13198 |
| Housing | |
| WC-H09-21 | |
| Booking Date | Booking Time |
| 07/01/2020 | 22:54 |

Booking Name
**CANTRELL,JOSEPH RAY**
AFIS Number

Race  Sex
**I   M**

Address
**495 E 4TH ST**
State  ZIP Code
**NV  89442**

City
**WADSWORTH**

Age
**47**

| Release Emp # | Release Date | Rels Time | Days in Jail |
|---|---|---|---|
| **W4257** | **07/15/2020** | **21:25** | **15** |
| Rls Reason | | | |
| **BAIL** | | | |

## CHARGE SUMMARY REVIEW

| Chg | NOC/Charge | Charge Literal | Disp Type | Status | Bail/Fine | Receipt | Days |
|---|---|---|---|---|---|---|---|
| | Release Date | Release Condition | Court Case No | PCN | Disposition Date | Disp Time | |
| | Court | Court Date | Court Time | | | | |
| 1 | 99999 | TRIBAL MATTER | | BO | $2,500.00 | B176263 | |
| | | | BAIL | | | 07/15/2020  17:50 | |
| | PLT | 07/30/2020  09:30 | | | PDTP0010365C | | |
| | PYRAMID LAKE TRIBAL COURT | | 221 NIXON HWY, NIXON, NV 89424 | | | | |

Charge Remarks:
*NO BAIL*CHGS DLOC/RESISTING ARREST;7/2/20 CASH BAIL PER MOURITSEN,
HRNG DATE SET 7/15/20 BAIL-THERESA FIORE

04/06/2023 14:19



# RELEASE AUTHORIZATION
## Washoe County Jail

| | |
|---|---|
| Booking No | Jail ID# |
| **20-4099** | **P-13198** |
| Housing | |
| **WC-INK-0001** | |
| Booking Date | Booking Time |
| **03/24/2020** | **19:25** |
| Race | Sex |
| **W** | **M** |

Booking Name
**CANTRELL,JOSEPH**
AFIS Number

Address                                                                 City

State   ZIP Code

Age
**47**

| Release Emp # | Release Date | Rels Time | Days in Jail |
|---|---|---|---|
| **W4636** | **03/24/2020** | **19:54** | **1** |

Rls Reason
**UNARRESTED (SEE REMARKS)**

## CHARGE SUMMARY REVIEW

| Chg | NOC/Charge | Charge Literal | | Status | Bail/Fine | | Receipt | Days |
|---|---|---|---|---|---|---|---|---|
| | Release Date | Release Condition | Court Time | Disp Type | | Disposition Date | Disp Time | |
| | Court | Court Date | Court Case No | PCN | | | | |
| 1 | 99999 | TRIBAL MATTER | | NA | | | | |
| | | | | UNARRESTED | | 03/24/2020 | 19:53 | |
| | PLT | | | | PDTP0010476C | | | |
| | PYRAMID LAKE TRIBAL COURT | | | 221 NIXON HWY, NIXON, NV 89424 | | | | |

Charge Remarks:
ASSAULT X2, NO BAIL*3/24/20 MEDICALLY REFUSED AFTER BOOKED IN

| 2 | 99999 | TRIBAL MATTER | | NA | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | UNARRESTED | | 03/24/2020 | 19:53 | |
| | PLT | | | | PDTP0010476C | | | |
| | PYRAMID LAKE TRIBAL COURT | | | 221 NIXON HWY, NIXON, NV 89424 | | | | |

Charge Remarks:
CASH BAIL*DISORDER COND, OBST PUB OFF, INJ PUB PRP, PUB INTOX,
RESIST, BATTERY*3/24/20 MEDICALLY REFUSED AFTER BOOKED IN

__Filed __Received __Entered __Served On
Counsel/Parties of Record

APR 2 6 2023

Clerk US District Court
District of Nevada
By:_____ Deputy

# Summary

1) It was 126 Days after arrest when Sharleen Dressler my public defender, acted as the non show prosecution and had me sign, a right to proceed, a prosecutions Job, hoping my speedy trial wouldn't be noticed, Then stated "I cannot represent you, Joseph, since I'll be representing the tribe in a more then likely lawsuit, you'll have, (Police Brutality)

2) No evidencial hearing, or appeal when asked too file,

3) Admitting false or edited video.

4) My sentence turned out to be 1 year with no prior time added, or work time allowed, and at the same time I as me being evicted as well, Later found out She was the legal representative for housing as well,

5. That made her my Attorney and Prosecutor in one instant, in this case. Plus another for housing evictions,

6) My attorney helped convict me and got me evicted from my house.

Please Help.

Page Number ___ O.1