UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH CANTRELL,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>WASHOE COUNTY SHERIFF DARIN BALAAM,[1]<br><br>　　　　　　　Respondent. | Case No. 3:23-cv-00174-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

This Indian Civil Rights Act habeas matter under 25 U.S.C. § 1303 comes before the Court on a motion to dismiss (ECF No. 31) filed by Respondent, Washoe County Sheriff Darin Balaam ("Sheriff"), as well as motions to stay further detention (ECF Nos. 27, 30) and a motion to stay a tribal court's ruling in an eviction matter (ECF No. 26) filed by Petitioner Joseph Cantrell. This order resolves these pending motions.

**II.　BACKGROUND**

Cantrell is challenging a conviction and sentence entered in the Pyramid Lake Tribal Court. (ECF No. 20.) He is incarcerated at the Washoe County Detention Facility under an agreement between the Washoe County Sheriff's Office and the Bureau of Indian Affairs. With his petition, he alleges, among other things, that he was deprived of his right to a speedy trial and to effective assistance of counsel in the tribal court proceeding that resulted in his conviction and sentence.

---

[1] While the caption of previous orders in this case identified the Respondent as the "Washoe County Sheriff Detention Facility," the Court directed the U.S. Marshals Service to serve Petitioner's habeas petition on Darin Balaam, the Washoe County Sheriff. (ECF No. 21.) Such service having occurred on October 12, 2023 (ECF No. 25), Sheriff Balaam is the Respondent in this case.

### III. THE SHERIFF'S MOTION TO DISMISS

In the motion to dismiss, the Sheriff contends Washoe County cannot respond to the claims raised in Cantrell's petition because Washoe County did not participate in Cantrell's underlying criminal case. In particular, he claims "it would be inappropriate for Respondent Washoe County to attempt to defend or address Petitioner's grounds for relief that are . . . questioning the validity of his conviction or sentence by a sovereign jurisdiction like the Pyramid Lake Tribe." (ECF No. 31 at 3.) The Court disagrees.

Under the immediate custodian rule applicable in general habeas proceedings that challenge a petitioner's current confinement, the petitioner's immediate physical custodian clearly is the proper respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Thus, while Washoe County is holding Cantrell on behalf of the Pyramid Lake Tribe, the Sheriff is nonetheless required to respond to Cantrell's petition. Based on the Sheriff's recent motion for an extension of time, his counsel have been in communication with the tribal prosecutor about formulating a response to Cantrell's petition. (*See* ECF No. 28.) In addition, the Court notified the tribal prosecutor of this action over two months ago.[2] It is up to the tribal prosecutor to decide whether she wants to assist the Sheriff in this matter, but if the Sheriff is unable to respond to Cantrell's petition, he will be directed to release Cantrell from custody.

The Sheriff also argues in his motion to dismiss that Ground Five of Cantrell's habeas petition should be dismissed because it challenges Cantrell's conditions of confinement, not the legality or duration of his contention. The Court agrees. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Ground Five is dismissed from Cantrell's petition.

///

---

[2] The Court directed the Clerk of Court to provide the Pyramid Lake Tribal Prosecutor a courtesy copy of Cantrell's petition in an order entered on September 5, 2023. (ECF No. 21.)

## IV.   CANTRELL'S MOTIONS

With his motions to stay further detention (ECF Nos. 27, 30), Cantrell asks the Court to grant him immediate release from custody. Default judgments are disfavored in habeas corpus cases. *Bleitner v. Weiborn*, 15 F.3d 652, 653 (7th Cir.1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) (stating "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). Thus, the Court is not prepared to grant Cantrell relief before receiving a substantive response to the allegations in his petition.

Cantrell's motion to stay a tribal court's ruling in an eviction matter (ECF No. 26) must also be denied. This matter is confined to testing the legality of Cantrell's detention. *See* 25 U.S.C. § 1303. Thus, this Court lacks authority to grant Cantrell the relief he seeks with this motion.

## V.   CONCLUSION

It is therefore ordered that the Sheriff's motion to dismiss (ECF No. 31) is granted in part and denied in part. Ground Five is dismissed from Cantrell's petition. In all other respects, the motion is denied.

It is further ordered that the Sheriff must file and serve an answer to Cantrell's petition (ECF No. 20) on or before November 29, 2023.

It is further ordered that the Clerk of Court send, by U.S. Mail, a copy of this order to the Pyramid Lake Tribal Prosecutor, P.O. Box 256, Nixon, Nevada 89424.

It is further ordered that Cantrell's motions to stay further detention (ECF Nos. 27, 30) and a motion to stay a tribal court's ruling in an eviction matter (ECF No. 26) are denied.

It is further ordered that Cantrell's motion to extend time (ECF No. 22) is denied as moot.

It is further ordered that Cantrell's motion in part inquiring about the status of his motion to stay (ECF No. 33) is denied as moot.

DATED THIS 17th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE