UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH CANTRELL,<br><br>      Petitioner,<br><br>  v.<br><br>WASHOE COUNTY SHERIFF DARIN BALAAM,<br><br>      Respondent. | Case No. 3:23-cv-00174-MMD-CSD<br><br>ORDER |

In this Indian Civil Rights Act habeas matter under 25 U.S.C. § 1303, Respondent Balaam has filed a response to Petitioner Cantrell's petition, in which Balaam indicates that Cantrell has been released from custody. (ECF No. 36.)  Cantrell's release raises the question whether his petition has now become moot. Article III of the Constitution imposes a "case-or-controversy requirement [that] subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated petitioner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Once the petitioner has been released, however, he must demonstrate some concrete and continuing injury—some "collateral consequence" other than the now-ended incarceration. *Spencer*, 523 U.S. at 7. In *Spencer*, the court acknowledged the practice of presuming collateral consequences when a petitioner challenges a criminal conviction. *Id*. at 11-12. The presumption arises from the "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Id.* at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)). In cases where the presumption does not apply, such as challenges to the length of the sentence or parole revocation, the petitioner

bears the burden of proving collateral consequences adequate to meet Article III's injury-in-fact requirement. *Spencer*, 523 U.S. at 14.

Here, Cantrell's petition cites several reasons why he believes his conviction was wrongful, but his request for relief is focused on the length of his sentence and contains only a vague reference to having his conviction "overturned." (ECF No. 20.) In addition, the Supreme Court's presumption of collateral consequences when a petitioner is challenging his conviction arises from the "civil disabilities" that typically result from a conviction, such as being "barred from holding certain offices, voting in state elections, and serving as a juror." *Lane v. Williams*, 455 U.S. 624, 632-33 n.13 (1982). This Court is not certain that Cantrell's tribal court conviction entails civil disabilities similar to those that attach to convictions in state or federal court. *See Romero v. Goodrich*, Case No. 2011 WL 13284733, at *6 (D.N.M. Apr. 14, 2011). Consequences that are hypothetical or contingent upon the petitioner's future conduct are not sufficient to satisfy Article III's case-or-controversy requirement. *Spencer*, 523 at 14-16.

It is therefore ordered that, to the extent he wishes to maintain this action, Cantrell must demonstrate that his petition for habeas relief involves collateral consequences that prevent this case from being moot. Cantrell must file his brief no later than 30 days from the date of this order. Balaam must file a response brief within 14 days of service of Cantrell's brief. Cantrell may file a reply brief within 14 days of service of the response.

It is further ordered that Cantrell's "motion to be free from cruel and unusual punishment" (ECF No. 35) is denied as moot as he has been released from custody.

DATED THIS 3rd Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE