UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH CANTRELL,<br><br>                    Petitioner,<br>    v.<br><br>WASHOE COUNTY SHERIFF DARIN BALAAM,<br><br>                    Respondent. | Case No. 3:23-cv-00174-MMD-CLB<br><br>ORDER |

Petitioner Joseph Cantrell brought this Indian Civil Rights Act ("ICRA") habeas matter under 25 U.S.C. § 1303 to challenge his detention under a tribal court order. Subsequent to filing his petition, he was released from tribal custody. (ECF No. 41-1 at 2.) Cantrell's release raises the question whether this case still meets "the case-or-controversy requirement [that] subsists through all stages of federal judicial proceedings." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

As explained in the Court's last order (ECF No. 38), an incarcerated petitioner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, but once the petitioner has been released, he must demonstrate some concrete and continuing injury—some "collateral consequence" other than the now-ended incarceration. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In *Spencer*, the Court acknowledged the practice of presuming collateral consequences when a petitioner challenges a criminal conviction. *Id*. at 11-12. The presumption arises from the "civil disabilities" that typically result from a conviction, such as being "barred from holding certain offices, voting in state elections, and serving as a juror." *Lane v. Williams*, 455 U.S. 624, 632-33 n.13 (1982). Because it was not certain that Cantrell's tribal court

conviction entails civil disabilities like those that attach to convictions in state or federal court, this Court ordered Cantrell to demonstrate that his petition for habeas relief involves collateral consequences that prevent this case from being moot. (ECF No. 38.) *See Romero v. Goodrich*, Case No. 1:09-cv-232 RB/DJS, 2011 WL 13284733, at *6 (D.N.M. Apr. 14, 2011).

In response, Cantrell recounts, at length, the facts of his case and how he was treated unfairly by tribal law enforcement, the prosecutor, his appointed counsel, and the tribal court. (ECF No. 40 at 1-3.) While Cantrell may have valid complaints, his only federal court remedy for violations of the ICRA is habeas corpus relief. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 67-72 (1978); *see also Williams v. Pyramid Lake Paiute Tribe of Pyramid Lake Rsrv.*, 625 F. Supp. 1457, 1458 (D. Nev. 1986) ("[A]lthough a Tribe is bound by the ICRA, a federal court has no jurisdiction to enjoin violations or to award damages for violations of that Act."). In addition, the Ninth Circuit has held that Congress intended to narrow the scope of federal court authority under the ICRA by using the word "detention" instead of "custody" when it created habeas jurisdiction over tribal actions. *Tavares v. Whitehouse*, 851 F.3d 863, 873 (9th Cir. 2017).

Cantrell alleges several consequences of his tribal court conviction, but none of them are "collateral consequences" sufficient to prevent this case from being moot. First, he claims that the conviction will be on his "permanent record." (ECF No. 40 at 3-4.) As noted, however, the Court is not willing to presume that a tribal court conviction raises a presumption of collateral consequences. Thus, Cantrell must identify a "concrete and continuing injury." *Spencer*, 523 U.S. at 7.

Cantrell also contends that he may lose his housing because his incarceration interfered with his ability to contest an eviction proceeding. (ECF No. 40 at 4.) This is also insufficient because "collateral consequences" for Article III purposes are legal disabilities that are "imposed on the basis of the challenged conviction." *Sibron v. New York*, 392

U.S. 40, 57 (1968). Cantrell does not claim that he faces eviction "on the basis" of his tribal conviction, only that eviction proceedings against him took place while he was being detained. Likewise, other negative impacts he mentions, such as loss of employment and dropping out of school, were not a legal consequence of the tribal conviction and sentence. Moreover, these alleged collateral consequences are not ones that this Court can remedy by ruling in Cantrell's favor. *See Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) ("The core question in mootness inquiry is whether granting a present determination of the issues offered . . . will have some effect in the real world.").

Finally, Cantrell makes a vague claim that he was told that his appointed counsel and the tribal prosecutor advised the tribal council that, in addition to serving a year in jail, he "was also to be kicked off the reservation." (ECF No. 40 at 4.) He fails to elaborate on this claim or provide any evidence that the tribal court or tribal council imposed such a sanction as part of, or a result of, his tribal conviction. Moreover, this Court's authority to review challenges to exclusion orders is extremely limited, if not non-existent. *See Tavares*, 851 F.3d at 877 (holding that the temporary exclusion orders at issue were beyond the scope of "detention" under the ICRA). At a minimum, Cantrell would need to demonstrate that he is a tribal member and that any exclusion order is longer than the 10-year ban in *Tavares*. *Id*. He has not done so.

It is therefore ordered that Cantrell's amended petition for writ of habeas corpus (ECF No. 20) is dismissed as moot. The Clerk of Court is directed to enter judgment accordingly and close this case.

It is further ordered that Cantrell's motion for extension of time (ECF No. 39) is granted *nunc pro tunc* as of February 5, 2024.

It is further ordered that Cantrell's motion for hearing (ECF No. 42) and motion to preserve evidence (ECF No. 43) are denied.

It is further ordered that the Clerk of Court send, by U.S. Mail, a copy of this order to the Pyramid Lake Tribal Prosecutor, P.O. Box 256, Nixon, Nevada 89424.

DATED THIS 1st Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE